RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 02 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

HERBERT MURRAY,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

CIVIL ACTION FILE NO.

**1:23-CV-3430**

## COMPLAINT

COMES NOW Plaintiff, Herbert Murray, pro se, and hereby files this Complaint against Defendant, Delta Air Lines, Inc., stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were

committed within Fulton County, Georgia.

4. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of DeKalb County, Georgia.

7. Defendant is a domestic corporation with its principal office located at 1030 Delta Boulevard, Department 982, Atlanta, GA 30354.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is African American.

11. Plaintiff was employed by Defendant as an Airport Customer Service Agent from November 16, 2016, until his termination on March 4,

2020.

12. During all time periods relevant to these events, Plaintiff reported to Mr. Ross Evans.

13. Mr. Evans is Caucasian.

14. In August 2019, Plaintiff applied for disability leave and entered alcohol dependence treatment.

15. Plaintiff enrolled in a Substance Abuse Recovery Program.

16. Defendant became aware of Plaintiff's disability: alcoholism

17. On February 19, 2020, following his participation in the relevant treatment program, Plaintiff returned to the workplace to complete his Return to Duty paperwork.

18. Plaintiff was not scheduled to perform job duties for Defendant that day.

19. Plaintiff sought only to submit his paperwork to arrange his return-to-work date.

20. Defendant subjected Plaintiff to a Return to Duty Alcohol Test on February 19, 2020.

21. The results of that test showed an estimated blood-alcohol content of 0.022 and 0.018 for initial and confirmatory tests. For context, these

are trace amounts that are well below the legal limit to drive, or even fly a plane.

22. Mr. Evans made comments to Plaintiff that he thought, "[Plaintiff] was one of the good ones," referencing Plaintiff's race upon review of the results.

23. Mr. Evans made additional statements that, "Black ramp workers never take this process seriously," referencing the Substance Abuse Recovery Program.

24. Plaintiff was suspended pending investigation.

25. Plaintiff was terminated March 4, 2020.

26. On March 16, 2020, Plaintiff appealed his termination to Defendant.

27. Plaintiff responded to Defendant's suspension by providing medical documentation that his blood-alcohol content was altered by influenza medicine that contained alcohol and was prescribed by his physician.

28. Plaintiff further noted that he was not set to return to duty on the date in question.

29. Defendant nonetheless upheld Plaintiff's termination on April 22, 2020.

30. Upon information and belief, non-disabled employees of Defendant

may provide medical excuses to negate a positive banned substance test.

31. Defendant stated Plaintiff's termination was due to trace amounts of alcohol in Plaintiff's system as well as not disclosing his disability (alcoholism) to the prescribing physician.

32. Defendant's letter affirming Plaintiff's termination stated as follows: "When asked if you advised the nurse practitioner that you were seeking treatment because you previously tested positive for alcohol while at work, you admitted that you did not alert the nurse practitioner of this important information [Plaintiff's disability]. Had you done so, the nurse practitioner may have been able to have made a more informed treatment recommendation."

33. Plaintiff received EEOC Notice of Right to Sue on May 4, 2023.

### IV. <u>CLAIMS FOR RELIEF</u>

### <u>COUNT I: ADA DISCRIMINATION</u>

34. Plaintiff incorporates by reference paragraphs 1-33 of his Complaint as if fully set forth herein.

35. Plaintiff is a qualified individual with a disability. *Para.* 14.

36. Defendant was aware of Plaintiff's disability. *Paras.* 15-16.

37. Plaintiff suffered the adverse action of termination. *Paras.* 25, 29.

38. Plaintiff is unaware of any similarly-situated employees being terminated under similar circumstances. *Para.* 30.

39. Defendant's reasoning for Plaintiff's termination is pretextual. *Paras.* 29-32.

## COUNT II: TITLE VII RACE DISCRIMINATION

40. Plaintiff incorporates by reference paragraphs 1-39 of his Complaint as if fully set forth herein.

41. Plaintiff is a member of a protected class by virtue of his race. *Para.* 10.

42. Plaintiff was qualified for the position at issue. *Para.* 11.

43. Plaintiff suffered the adverse action of termination. *Paras.* 25, 29.

44. Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated differently than Plaintiff. *Para.* 30.

45. Defendant's reasoning for Plaintiff's termination is pretextual. *Paras.* 22-23, 29-32.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

    a. Declaratory relief;

    b. Actual and compensatory damages for lost wages, benefits, and emotional distress, in an amount to be determined by the enlightened conscience of a jury;

    c. Punitive damages; and

    d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 2nd day of August, 2023.

*Pro-Se Plaintiff*

1270 Reilly Lane
Clarkston, Georgia 30021
(404) 915-6512
murray.herbertl@gmail.com

## **FONT AND POINT CERTIFICATION**

The Undersigned Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 2nd day of August, 2023.

*Pro-Se Plaintiff*

1270 Reilly Lane
Clarkston, Georgia 30021
murray.herbertl@gmail.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/04/2023

**To:** Herbert Murray
514 Windmont Drive
Atlanta, GA 30329
Charge No: 410-2020-06895

EEOC Representative and email:  MARK MADDOX
Investigator
mark.maddox@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2020-06895.

On behalf of the Commission,

Digitally Signed By: Darrell E. Graham
05/04/2023

Darrell E. Graham
District Director

**Cc:**
Valeria Cometto
valeria.cometto@delta.com
1030 Delta Blvd.
Atlanta, GA 30320

Amanda Brookhuis
The Kirby G. Smith Law Firm, LLC
4488 N Shallowford Rd. Suite 105
Atlanta, GA 30338


Please retain this notice for your records.